IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**AARON PENDERGRASS**                                                                      **PETITIONER**

**v.**                 **NO. 3:13cv820-DCB-MTP**

**ARCHIE LONGELY**              **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE the Court is the *pro se* Petition of Aaron Pendergrass for Writ of Habeas Corpus [1], filed under 28 U.S.C. § 2241. Respondent filed his Response [8] to the Petition on March 2, 2012. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be dismissed with prejudice.

## BACKGROUND

Petitioner Aaron Pendergrass is a federal inmate currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia, operated by the Federal Bureau of Prisons ("BOP"). At the time Pendergrass filed his Petition, he was incarcerated at Federal Correctional Institution in Yazoo City, Mississippi.[1] On February 17, 2010, Petitioner was sentenced by the United States District Court for the District of Vermont to serve a 120-month term for Conspiracy to Distribute Cocaine and Heroin in violation of 21 U.S.C. § 841 (B)(1)(A).[2] Petitioner's projected release date is October 1, 2017 via good conduct time release.[3]

---

[1] Petition [1] at 1.

[2] Public Inmate Information Data, [8-1] at 2.

[3] *Id.*

1

Petitioner filed the instant petition on or about January 20, 2012.[4] Petitioner's claims arise from his conviction in a BOP disciplinary proceeding following the discovery of a cell phone in his possession while incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey.[5] Specifically, Petitioner claims that his due process rights were violated by BOP's failure to follow its own procedures and that there was insufficient evidence to support his disciplinary conviction.[6]

The initial incident report reflects that on January 19, 2011, at approximately 2:00 p.m., Officer D. Madden was called to Building 5402 after Petitioner had run away from his monitoring officer.[7] Officer Madden conducted a search of the building a found a cell phone located in a bag of salt.[8] When asked by Officer Madden about the phone, the report reflects that Petitioner responded that the phone belonged to him and provided Madden with a code to unlock the phone.[9] The incident report indicates Petitioner's violations of several disciplinary codes, and that he was served a copy of the report on January 19, 2011, at 5:45 p.m.[10] The charges were investigated by another officer on the same day. The investigating officer found that the report supported the charges and referred the report to the Unit Disciplinary Committee ("UDC") for further review.[11] The UDC

---

[4] Petition [1] at 5.

[5] *Id.* at 4; *see also* Declaration of Anthony C. Boyce, [8-2] at 2.

[6] *Id.*

[7] Incident Report [8-3] at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

then referred the case to the Disciplinary Hearing Officer ("DHO"),[12] who suspended the report pending a rewrite.[13]

Officer Madden then rewrote the incident report and provided Petitioner with an updated copy on February 2, 2011, at 10:10 a.m.[14] Another investigation was conducted on February 2, and the matter was again referred to the UDC. At the UDC review of the report on February 9, 2011, Petitioner stated that he understood his rights but did not want to make a statement.[15] The UDC then referred the case to the DHO.[16] The records reflects that Petitioner received notice of the DHO hearing on February 9, 2011. The DHO notice form indicates that Petitioner wished to have Raja Gilyard[17] serve as his staff representative, and that he did not wish to present any witnesses. The Petitioner signed the DHO notice form.[18]

The disciplinary hearing was held on February 23, 2011. The DHO report reflects that Petitioner's staff representative, Raja Gilyard, was present for the hearing, and that Petitioner was

---

[12]*Id.* at 2.

[13]*See* Memorandum form Unit Manager J. Knox [8-4]. It is not clear from the record why the incident report was suspended and rewritten. Petitioner argues that this was done intentionally to fraudulently amend the report so that the location where the cell phone was found would match Petitioner's location on that day. *See* Reply [9] at 4. However, further inspection reveals that the location where the cell phone was found–Building 5402–was identical on both reports. *See* Reports [8-3] at 1 and [8-5] at 1.

[14]*Id.*

[15]*Id.* at 3.

[16]*Id*. at 2,3.

[17]Raja Gilyard is a Case Manager at FCI Dix. *See* Declaration of Anthony Boyce [8-2] at 3.

[18]Notice of Discipline Hearing Before the (DHO) [8-6] at 2.

read and indicated that he understood his rights. Petitioner made a statement indicating that information had been omitted from the incident report, and he denied telling Officer Madden that the cell phone belonged to him or that he provided the unlock code.[19] The DHO officer found Petitioner guilty of Possession of a Hazardous Tool in violation of Disciplinary Code 108.[20] The DHO report reflects that this decision was based upon physical evidence, the DHO's observations, written reports, a photo of the cell phone, staff memorandum, and the statement of the incident from an FCI officer.[21]

As a result of the violation, the following sanctions were imposed: 148 days disallowance of good conduct time, thirty days disciplinary segregation and eighteen months of phone and TRULINCS restrictions. The DHO officer explained that he imposed these sanctions due to the serious threat cell phones present to the prison staff's ability to control telephone use, and to demonstrate the seriousness of the offense to the Petitioner.[22] Finally, Petitioner was provided with a copy of the DHO report.[23]

In his Petition [1] and Traverse [9], Petitioner first argues there was no evidence linking the

---

[19]*See* DHO Report [8-8]; *see also* Inmate Rights at Discipline Hearing [8-7] (showing petitioner signed the form indicating that he understood this rights).

[20]Petitioner was also found guilty of Refusing to Obey an Order in violation of Disciplinary Code 307. However, Petitioner was not deprived of good conduct time as a result, so analysis of the various disciplinary sanctions the Petitioner received is unnecessary. *See Scrivens v. Pearson*, 2010 WL 6332974 at *1 (S.D. Miss. August 20, 2010) (holding that a habeas petition is not the appropriate vehicle for claims challenging the nature and conditions, rather than the validity and duration, of a prisoner's confinement).

[21]DHO Report [8-8] at 3.

[22]*Id.* at 5.

[23]*Id.*

4

petitioner to the cell phone that was found. Next, he claims that his due process rights were violated when (1) the UDC conducted a hearing beyond the five-day limit required by Bureau policy; and (2) the DHO suspended the incident report for rewrite but then failed to acknowledge this dela in the final report.[24] Petitioner seeks relief in the form of the Court vacating the disciplinary hearing guilty verdict and the reinstatement of his good conduct time.[25]

## ANALYSIS

Sufficiency of the Evidence

Petitioner argues that his disciplinary conviction was unsupported by the evidence. In order for a prison disciplinary hearing decision to meet the constitutional standard there must merely be "some evidence" to show that the inmate committed the offense in question. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). In analyzing whether this standard has been satisfied, the court is not required to examine the entire record, independent assessment of the credibility of the witnesses or the weighing of the evidence. *Id.* at 455. Rather, the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56; *see also United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-34.

In the instant case, the DHO reviewed the evidence presented, including the written statement of the officer who discovered the cell phone in the incident report, the testimony of an officer who witnessed the event, a photograph of the cell phone and Petitioner's statement. Although Petitioner offered conflicting testimony of the events at issue, the DHO officer explained that he

---

[24] *See* Reply [29] at 5.

[25] Petition [1] at 5.

ultimately found the testimony of the FCI officers to be more compelling.[26] In this case, there was clearly "some evidence" to support the DHO's finding. *See Hill*, 472 U.S. at 456. Thus, the DHO decision must be upheld.

Due Process

In *Wolfe v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the loss of good conduct time, which results in an inmate's confinement being extended, requires due process. Petitioner makes several claims that his due process rights were violated due to BOP's violation of its own policies. First, Petitioner claims that the UDC review of the incident report occurred outside the required five day window following the issuance of the incident report.[27] Next, Petitioner claims the DHO violated BOP policy in suspending the incident report for rewrite and then failing to include the postponement in the record of the hearing.[28] Finally, Petitioner claims that the DHO ordered rewrite rendered the DHO as a partial, as opposed to impartial, fact finder.

As an initial matter, it is not clear that BOP violated the policies cited by Petitioner. The record reflects that the UDC reviewed Petitioner's second incident report within five business days of its issuance. As outlined above, the rewritten incident report was issued on February 2, 2011, and the UDC hearing occurred on February 9, 2011. Excluding the weekend and not counting the day

---

[26]*See* Declaration of Anthony Boyce [8-2].

[27]28 C.F.R. § 541.7 provides: "The UDC will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays."

[28]BOP Policy Statement 5270.08 provides: "The DHO may refer the case back to the UDC for further information or disposition. The DHO may postpone or, at any time prior to making a decision as to whether or not a prohibited act was committed, may continue the hearing until a later date whenever further investigation or more evidence is needed. A postponement or continuance must be for good cause (determined by the DHO) shown by the inmate or staff and should be documented in the record of the hearing."

the report was issued, the UDC hearing took place within the five days Petitioner argues is required. As for Petitioner's claim that the DHO failed to acknowledge any delay in the record at the disciplinary hearing, it does indeed appear as if any mention of the incident report rewrite was left out of the DHO Hearing report.[29] However, the United States Court of Appeals for the Fifth Circuit has repeatedly held that "[a] prison official's failure to follow prison procedural rules does not, without more, give rise to a constitutional violation." *Davis v. Lithicum*, 574 Fed. App'x 379, 380 (5th Cir. 2014); *see also Morris v. Livingston*, 739 F.3d 740, 751 (5th Cir. 2014); *Williams v. Stephens*, 547 Fed. App'x 599, 600 (5th Cir. 2013); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

The Supreme Court in *Wolff* outlined the procedures necessary to protect the due process rights of an incarcerated individual. The Court noted that due process in the context of prison discipline differs from due process in the context of criminal law, in that "the full panoply of rights" do not apply. 418 U.S. at 556. In order for due process to be satisfied in a prison disciplinary hearing, an inmate must receive: (1) twenty-four hours advance written notice of the charges; (2) a written statement by an impartial fact finder as to the evidence relied on and reasons for the disciplinary action; (3) an opportunity to call witnesses and present documentary evidence; and (4) when an illiterate inmate is involved or in an especially complex case, and inmate may seek the aid of a fellow inmate or prison staff member. *Id.* at 564-70. As explained below, Petitioner received these protections.

First, Petitioner received the first incident report on January 19, 2011 – a full thirty-five days before the hearing on February 23. Petitioner then received a substantially identical incident report

---

[29]*See* DHO Report [8-8].

on February 2, 2011– a full twenty-one days before the hearing. Second, the DHO provided a written statement of the evidence he relied on and the reasons for the disciplinary action. Third, Petitioner was afforded the opportunity to present documentary evidence and testimony from witnesses, as reflected by his signed statement to that effect.[30] Fourth, the record reflects that Petitioner was, in fact, afforded a staff representative who assisted him at the DHO hearing.

Petitioner argues that the DHO was not an impartial fact finder because he ordered a rewrite of the incident report. However, there is no indication that the DHO had any involvement in the investigation of the incident at issue or the preparation of the reports. Furthermore, there is little, if any, difference between the two reports, which weighs against Petitioner's argument that the DHO wished to ensure his guilt by "suspend[ing] the report with instructions to re-[w]rite the report to support [a] guilty finding."[31] Accordingly, the undersigned finds that the DHO was an impartial fact finder, and that Petitioner received adequate due process.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Aaron Pendergrass's Petition for Writ of Habeas Corpus [1] be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the

---

[30] *See* Notice of Hearing Before DHO [8-6].

[31] Traverse [9] at 4.

Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 8th day of January, 2015.

s/Michael T. Parker
United States Magistrate Judge
